UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN TAUBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00663-SGC |
| | ) | |
| CITY OF PELHAM, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**[1]

Kevin Tauber initiated this matter by filing a complaint naming his former employer, the City of Pelham, Alabama, as the sole defendant. (Doc. 1).[2] The complaint asserts a claim for employment discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). Presently pending is Pelham's motion to dismiss, which is fully briefed and ripe for adjudication. (Doc. 6; *see* Docs. 10, 12). As explained below, the motion will be denied.

**I.     STANDARD OF REVIEW**

Dismissal under Rule 12(b)(6) is appropriate if a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 9).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

## II.    FACTS

Tauber, who was born in 1980, began working for Pelham in 1999. (Doc. 1 at 3). Tauber worked in the parks department, where his supervisors were Grant Sasser and Brian Cooper. Tauber alleges, without elaboration, that his authority and responsibilities were reduced in September 2022. Cooper and Sasser also frequently asked Tauber about his retirement plans; Tauber understood these inquiries to mean his supervisors wanted him to retire due to his age. Twice in 2023 Tauber found "retirement paperwork" in his work mailbox; Tauber did not request the paperwork and did not observe similar papers in the mailboxes of other city employees. (*Id.*).

In June 2023, Cooper summoned Tauber to a meeting with human resources director Tracey Hill. (Doc. 1 at 4). During the meeting, Cooper and Hill told Tauber

2

his job performance was unsatisfactory, pointing to issues that had not been raised at the time they transpired. After Hill left, Cooper "picked up the retirement book that had been sitting on the table and acted like he was handing the book to Tauber." The following week someone informed Tauber he would be demoted and put on probation unless he retired. Cooper reminded Tauber about the retirement paperwork that had been placed in his mailbox, while Hill repeatedly commented that aging job seekers faced diminished options and had difficulty finding work. (*Id.*).

Although Tauber wanted to keep working, he agreed to retire on October 1, 2023, to "avoid demotion and termination." (Doc. 1 at 4-5). "The Defendant" threatened that if Tauber told anyone he was being forced out, he would be placed on leave immediately. (*Id.* at 5). On information and belief, Tauber contends Pelham sought a younger replacement for him and assigned his job duties to one or more younger employees. Tauber asserts another employee at the parks department experienced age discrimination, although he does not identify the employee or further describe the discrimination they faced. (*Id.*). Tauber ultimately worked until his October 1, 2023 retirement date.

## III.   DISCUSSION

Pelham's motion to dismiss attacks the sufficiency of the allegations supporting Tauber's ADEA claim. (Doc. 6). In general terms, Pelham contends the

3

complaint, which is based on circumstantial evidence, does not allege facts necessary to make a *prima facie* case under the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).   More specifically, Pelham asserts Tauber cannot show an adverse employment action or that he was replaced by a younger employee.

To the extent Pelham's motion is premised on failure to plead facts to satisfy a *prima facie* case under *McDonnell Douglas,* it suffers from two fatal flaws. Additionally, Tauber plausibly alleges an adverse employment action via constructive discharge.  Each conclusion is addressed in turn.

First, *McDonnell Douglas* does not apply at the motion to dismiss stage. *Ismael v. Roundtree*, 161 F.4th 752, 760 (11th Cir. 2025)[3] ("*McDonnell Douglas* 'is an evidentiary standard, not a pleading requirement,' so it has no application on a motion to dismiss.") (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002)).  Accordingly, a plaintiff is not required to allege facts sufficient to satisfy a *prima facie* case under *McDonnell Douglas*.  *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008), *abrogated on other grounds by Iqbal*, 556 U.S. 662.  Instead, a complaint states a claim for discrimination when it alleges

---

[3] The plaintiff in *Ismael* asserted claims for racial discrimination and retaliation under Title VII and § 1981 via § 1983.  The Eleventh Circuit applies cases under those statutory schemes to ADEA cases interchangeably.  *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002); *see Rosado v. Sec'y, Dep't of the Navy*, 127 F.4th 858, 865 (11th Cir. 2025).

facts which "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional [] discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).[4]

Next, even if *McDonnell Douglas* applied at the pleadings stage, satisfying its burden-shifting analysis is not the only avenue for a plaintiff to prove a discrimination claim based on circumstantial evidence. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (*McDonnell Douglas* is not "the *sine qua non* for a plaintiff to survive a summary judgment motion in an employment discrimination case"). Instead, a plaintiff can create a triable issue of fact by presenting a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id*.

Tauber alleges facts plausibly suggesting his employer thought he was too old and encouraged him to resign on that basis. When Tauber refused to resign voluntarily, he was threatened with demotion and probationary status. Ultimately, he succumbed to this coercion, resigning under duress.

---

[4] Tellingly, none of the cases cited in Pelham's motion arose in the context of a motion to dismiss. (Doc. 6 at 7-13). The majority of cited cases arose on summary judgment or appeal therefrom, and the non-summary judgment cases arose at later stages with the benefit of evidence. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001) (appeal from denial of judgment as a matter of law after a jury verdict); *Doe v. Dekalb County Sch. Dist.*, 145 F.3d 1441 (11th Cir. 1998) (appeal from permanent injunction after a bench trial); *Carter v. Miami*, 870 F.2d 578 (11th Cir. 1989) (appeal from judgment and denial of motion notwithstanding the verdict).

Pelham contends Tauber cannot show his resignation amounted to constructive discharge. (Doc. 6 at 7-8; Doc. 12 at 3-4) (citing *Hipp*, 252 F.3d at 1231). A plaintiff traveling on a constructive discharge theory must show the "conditions of employment were so unbearable that a reasonable person in [the plaintiff's] position would be compelled to resign." *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009). Tauber's complaint alleges facts sufficient to show these conditions, at least for purposes of *Iqbal* and *Twombly*. *Nance v. Maxwell Fed. Credit Union (MAX)*, 186 F.3d 1338, 1340–41 (11th Cir. 1999) (employer's insistence that employee accept a demotion or resign constituted adverse employment action). Thus, the complaint plausibly suggests Tauber suffered an adverse employment action due to Pelham's intentional age discrimination. *Surtain*, 789 F.3d at 1246.

## IV.    CONCLUSION

For all of the foregoing reasons, Tauber states a plausible claim. Pelham's motion to dismiss is **DENIED**. (Doc. 6). Additionally, the motion to allow Grace Graham to withdraw as counsel for Pelham is **GRANTED**. (Doc. 15). Pelham will continue to be represented by its other counsel of record.

**DONE** this 19th day of March, 2026.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE